UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
AT LAW AND IN ADMIRALTY

---

UNITED STATES OF AMERICA,

        Plaintiff,

       v.                                           Case No.

APPROXIMATELY $23,271.00 IN UNITED
STATES CURRENCY,

        Defendant.

---

### **VERIFIED COMPLAINT FOR CIVIL FORFEITURE IN REM**

The United States of America, by its attorneys, Gregory J. Haanstad, United States Attorney for the Eastern District of Wisconsin, and Bridget J. Schoenborn, Assistant United States Attorney for this district, alleges the following in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**Nature of the Action**

1. This is a civil action to forfeit property to the United States of America, under 21 U.S.C. § 881(a)(6), for violations of 21 U.S.C. § 841(a)(1).

**The Defendant In Rem**

2. The defendant property, approximately $23,271.00 in United States currency, was seized on or about January 17, 2023, from Cesar Fondeur, Jr. and Nayeli Rocha at 3XXX S. Miner Street, Apt. X, Milwaukee, Wisconsin.[1]

3. The defendant property is presently in the custody of the United States Marshal Service in Milwaukee, Wisconsin.

---

[1] Throughout this complaint, certain information has been redacted using the letter "X" as a means of avoiding the revelation of any personal information.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

5. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b).

6. Venue is proper in this district under 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

## Basis for Forfeiture

7. The defendant property, approximately $23,271.00 in United States currency, is subject to forfeiture to the United States of America under 21 U.S.C. § 881(a)(6) because it was used or intended to be used in exchange for controlled substances, represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of 21 U.S.C. § 841(a)(1).

## Facts

8. Marijuana is a Schedule I controlled substance under 21 U.S.C. § 812.

9. Heroin is a Schedule I controlled substance under 21 U.S.C. § 812.

10. Cocaine is a Schedule II controlled substance under 21 U.S.C. § 812.

**Background Investigation**

11. A confidential informant ("CI-1") has known Cesar Fondeur, Jr. ("Fondeur") since early 2020, and during that entire time, Fondeur was involved in the sale of cocaine while armed with firearms.

12. CI-1 saw Fondeur in possession of cocaine more than fifty (50) times, and the quantities of cocaine that Fondeur possessed were consistent with resale amounts.

13. Fondeur obtained cocaine from an individual having the initials R.J.

14. Fondeur, R.J., and other members of the drug trafficking organization ("DTO") used multiple residences for occupancy and as stash houses. One such location was 2XXX W. Lapham Street, Milwaukee, Wisconsin (the "Lapham residence").

15. During surveillance on several occasions, officers saw Fondeur and other members of the DTO come and go from the Lapham residence.

16. In October 2022, officers conducted a garbage collection at the Lapham residence and found the following:

    A. Identifying documents for Fondeur's mother, whose initials are J.M.

    B. Identifying documents for Fondeur's brother, whose initials are J.H.

    C. A baggie containing approximately 0.5 grams of crack cocaine.

17. A second confidential informant ("CI-2") identified Cesar Fondeur, Jr. as a drug dealing associate of R.J.

18. In January 2023, CI-2 conducted a controlled buy of cocaine in which CI-2 called R.J. and ordered up the cocaine.

19. CI-2 arrived at the meet location. A Jeep bearing California license plate 8XKAXXX arrived at the meet location. Fondeur was the driver of the Jeep, and an individual having the initials Q.M. was the front seat passenger in the Jeep. No one else was in the Jeep.

20. CI-2 then entered the Jeep. Q.M. handed to CI-2 a quantity of cocaine, and CI-2 handed to Q.M. the agreed-upon amount of currency as payment for the cocaine.

21. During that controlled buy, CI-2 saw both Fondeur and Q.M. in possession of a large quantity of suspected cocaine.

22. Records show that the Jeep driven by Fondeur had been rented by J.M. (Fondeur's mother) on December 28, 2022. At the time of rental, J.M. had provided J.M.'s address as the Lapham residence.

23. During surveillance on several occasions at the Lapham residence and at 3XXX S. Miner Street, Milwaukee, Wisconsin, officers saw that same Jeep parked at those locations.

**January 17, 2023 execution of search warrant at 3XXX S. Miner Street, Apt. X, Milwaukee, Wisconsin**

24. On January 17, 2023, officers executed a search warrant at 3XXX S. Miner Street, Apt. X, Milwaukee, Wisconsin (the "Miner Street apartment").

25. Cesar Fondeur, Jr. and Nayeli Rocha, along with their infant, were present at the Miner Street apartment during execution of the search warrant.

26. On January 17, 2023, the following items, among other things, were inside the Miner Street apartment:

   A. In the only bedroom were a loaded Glock semi-automatic firearm with accessories and high-capacity magazine, and two additional loaded firearm magazines.

   B. In the bedroom closet was a loaded firearm magazine.

   C. In a hallway closet was a loaded Anderson Manufacturing rifle with accessories and high-capacity firearm magazine.

   D. In the living room was a baggie containing approximately 0.7 grams of marijuana.

   E. In the dining area were a jar containing approximately 1.87 grams of marijuana, a baggie containing approximately 1.6 grams of cocaine, and keys to a Honda CRV and a Mazda.

   F. In the kitchen were the following:

      i. A loaded Springfield Armory semi-automatic rifle with accessories and firearm magazine.

      ii. A Walmart bag inside a baby formula container. The Walmart bag contained three baggies containing a total of approximately 83.1 grams of cocaine.

      iii. A baggie containing approximately 12.7 grams of cocaine concealed inside a shoe.

iv. Four boxes of baggies.

v. A scale with cocaine residue.

27. On January 17, 2023, a total of approximately $23,271.00 in United States currency was located throughout the Miner Street apartment as follows:

   A. In the bedroom closet were the following:

   i. Inside the pocket of a North Face garment was approximately $855. Denominations were 34-$10 bills and 103-$5 bills.

   ii. Inside the pocket of a Versace jacket was approximately $1,070. Denominations were 1-$100 bill, 2-$50 bills, 38-$20 bills, 6-$10 bills, and 10-$5 bills.

   iii. Inside a Nike shoe box was approximately $418. Denominations were 1-$5 bill and 413-$1 bills.

   B. Inside a pillowcase on the bed was one $50 bill.

   C. In the kitchen closet were the following:

   i. Inside a bedding bag was approximately $480. Denominations were 1-$100 bill and 19-$20 bills.

   ii. Inside a bedding bag was approximately $2,408. Denominations were 5-$50 bills, 92-$20 bills, 17-$10 bills, 23-$5 bills, and 33-$1 bills.

   D. In a hallway closet was approximately $17,990 inside a small cloth backpack concealed within a baby wipe box. Denominations were 32-$100 bills, 44-$50 bills, 594-$20 bills, 60-$10 bills, and 22-$5 bills.

28. Parked at the Miner Street apartment was a Honda CRV registered to Nayeli Rocha. Inside the cup holder of the vehicle were a baggie containing approximately 9.03 grams of heroin and a Wisconsin identification card for Cesar Fondeur, Jr.

**January 17, 2023 statement of Nayeli Rocha**

29. Nayeli Rocha ("Rocha") agreed to speak with an officer and stated, among other things, the following:

5

    A.    Rocha has been living at the Miner Street apartment for about two to three months.

    B.    Fondeur has his own key to the Miner Street apartment, and Fondeur comes and goes as he pleases.

    C.    Fondeur spends three or four nights per week at the Miner Street apartment, and Fondeur often comes by to see their infant.

    D.    Rocha does not own any firearms.

### Cesar Fondeur, Jr.'s State Drug Charges

30.    On January 20, 2023, Cesar Fondeur, Jr. was charged in Milwaukee County Circuit Court, Case No. 23CF265, with the following:

    A.    Two counts of possession of heroin with intent to deliver.

    B.    Two counts of possession of cocaine with intent to deliver.

    C.    Maintaining a drug trafficking place.

    D.    Possession of machine guns.

    E.    Three counts of possession of firearm by adjudicated delinquent of a felony.

    F.    Two counts of bail jumping.

31.    According to publicly available information, Cesar Fondeur, Jr. also has an open case in Milwaukee County Circuit Court, Case No. 22CF2590, from a June 27, 2022 incident in which he was charged with possession of cocaine with intent to deliver.

32.    According to publicly available information, Cesar Fondeur, Jr. also has an open case in Milwaukee County Circuit Court, Case No. 22CF474, from a January 31, 2022 incident in which he was charged with the following:

    A.    Possession of cocaine with intent to deliver.

    B.    Vehicle operator flee/elude officer.

    C.    Second-degree recklessly endangering safety.

D. Possession of a dangerous weapon by person <18.

E. Two counts of possession of firearm by adjudicated delinquent of a felony.

## Administrative Forfeiture Proceedings

33. The Federal Bureau of Investigation ("FBI") began administrative forfeiture proceedings against the approximately $23,271.00 in United States currency on the ground that the seized currency was used or intended to be used in exchange for controlled substances or was proceeds of trafficking in controlled substances.

34. On or about April 1, 2023, Nayeli Rocha filed a claim with the FBI in the administrative forfeiture proceedings to the defendant approximately $23,271.00 in United States currency.

## Warrant for Arrest In Rem

35. Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the defendant property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

## Claims for Relief

36. The plaintiff alleges and incorporates by reference the paragraphs above.

37. By the foregoing and other acts, the defendant property, approximately $23,271.00 in United States currency, was used or intended to be used in exchange for controlled substances, represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of 21 U.S.C. § 841(a)(1).

38. The defendant approximately $23,271.00 in United States currency is therefore subject to forfeiture to the United States of America under 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that a warrant of arrest for the defendant property be issued; that due notice be given to all interested parties to appear and show

7

Case 2:23-cv-00803-BHL    Filed 06/20/23    Page 7 of 9    Document 1

cause why the forfeiture should not be decreed; that judgment declare the defendant property to be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and equitable, together with the costs and disbursements of this action.

Dated at Milwaukee, Wisconsin, this 20th day of June, 2023.

Respectfully submitted,

GREGORY J. HAANSTAD
United States Attorney

By: *s/BRIDGET J. SCHOENBORN*
BRIDGET J. SCHOENBORN
Assistant United States Attorney
Wisconsin Bar Number: 105396
Attorney for Plaintiff
Office of the United States Attorney
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 530
Milwaukee, WI 53202
Telephone: (414) 297-1700
Fax: (414) 297-1738
E-Mail: bridget.schoenborn@usdoj.gov

## Verification

I, Joseph Esqueda, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the Federal Bureau of Investigation (FBI) in Milwaukee, Wisconsin, that I have read the foregoing Verified Complaint for Civil Forfeiture *in rem* and know the contents thereof, and that the factual matters contained in paragraphs 8 through 29 of the Verified Complaint are true to my own knowledge.

The sources of my knowledge and information are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Task Force Officer with the FBI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Date:  06-18-2023                           *s/Joseph Esqueda*
                                            Joseph Esqueda
                                            Task Force Officer
                                            Federal Bureau of Investigation